# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DAVIS SELECTED ADVISERS, L.P.,**

        Interpleader Plaintiff,

v.                                                                No. CIV. 98-142 LH/DJS

**JOINT STOCK BANK INKOMBANK; HOVERWOOD LTD.; MICHAEL NARODECKI, Director, and ELENA PELAEZ, Secretary U.S. Operations,**

        Interpleader Defendants.

**JOINT STOCK BANK INKOMBANK and HOVERWOOD, LTD.,**

Cross-Claim and Third-Party Interpleader Plaintiffs,

v.

**ELENA PELAEZ, a/k/a ELENA LITVINOV; and MICHAEL NARODECKI,**

Cross-Claim Interpleader Defendants,

v.

**EMANUEL E. ZELTSER, a/k/a EMANUEL SELTSER, a/k/a EMANUEL SELTZER; ANNA REIDIBOIM, a/k/a/ ANNA REID; ALEXANDER FISHKIN; FISHKIN & REID; and OMEGA BROKERAGE SERVICES, INC.**

Third-Party Interpleader Defendants.

# MEMORANDUM OPINION AND ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

THIS MATTER comes before the Court on a motion entitled Joint Motion of Interpleader Plaintiff Davis and Interpleader Defendant Hoverwood Ltd. to Transfer Pursuant to 28 U.S.C. 1404(a) and 1406 (Docket No. 22). For the reasons set forth below, after considering the pleadings submitted by all the parties on this issue, the Court concludes that this joint motion is well-taken, that it shall be **granted,** and that this matter shall be transferred to the United States District Court for the Southern District of New York.

## Procedural Background

A Complaint in Interpleader was filed in this Court on February 3, 1998. In this Complaint, it is alleged that Interpleader Plaintiff Davis Selected Advisers, L.P. (hereinafter "Davis"), a Colorado limited partnership with its principal place of business in Santa Fe, New Mexico provides, among other things, administrative services to the Davis Real Estate Portfolio (hereinafter the "Fund"), a series of an open end mutual fund. Among the services provided are processing shareholder requests for redemption of shares in the Fund. Davis filed this case seeking to adjudicate parties' rights with respect to certain Funds held by Davis in the name of Hoverwood, Ltd. (hereinafter "Hoverwood").

The Complaint alleges that Joint Stock Bank Inkombank (hereinafter "Inkombank") is a joint stock banking corporation organized and existing under the laws and regulations of the Federation of Russia. Further, it is alleged that Interpleader Defendant Hoverwood is, upon information and belief, a corporation formed under the laws of the Republic of Ireland.

2

It is further alleged that Interpleader Defendant Elena Pelaez (hereinafter "Pelaez"), who purports to be the Secretary of U.S. Operations for Hoverwood, is a citizen of New York. Finally, it alleges that Interpleader Defendant Mechel Narodecki (hereinafter "Narodecki"), who purports to be the Director of Hoverwood, is a citizen of New York.

The subject matter of this action are 19,204.7580 shares of the Fund (hereinafter the "Shares"). The Complaint alleges that Pelaez and Narodecki claim they are authorized to act on behalf of Hoverwood and have demanded that Davis redeem the Shares and remit the proceeds to an office in New York City. Inkombank allegedly claims to own Hoverwood as a wholly owned subsidiary, claims that Pelaez and Narodecki have no authority to act on behalf of Hoverwood, and has directed Davis to redeem the Shares and remit the proceeds to it.

Davis claims that it is in no position to assess the merits of these competing claims. Davis initiated this interpleader proceeding so that this Court could determine who should receive the proceeds from the redemption of the Shares. Davis interplead the value of the Shares as of the date of the filing of the Complaint, $482,231.47, into the Court's registry. Davis seeks to recover only its costs and attorneys' fees incurred in this matter, which it contends is a recovery mandated by the terms of Davis' account agreement.

On March 30, 1998, Inkombank and Hoverwood filed an Answer to Interpleader Complaint, Cross-Claim and Third Party Complaint of Joint Stock Bank Inkombank and Hoverwood, Ltd. (Docket No. 5). The cross-claim contains allegations of a conspiracy to defraud Inkombank led by Inkombank's former attorney, cross-claim Interpleader Defendant Emanuel E. Zeltser, and participated in by cross-claim Interpleader Defendants Elena Pelaez, Michel

Narodecki[1], Anna Reidiboim, Alexander Fishkin, Fishkin & Reid, and Omega Brokerage Services, Inc. (hereinafter "Zeltser Defendants"). It is alleged that Zeltser, Reidiboim, Fishkin, Fishkin & Reid and Omega Brokerage Services, Inc. reside in and/or maintain business addresses in New York City. The cross-claim alleges a pattern of trading by the Zeltser Defendants of the Inkombank and Hoverwood accounts, to maximize illicit brokerage commissions. In essence the claim is that the Zeltser Defendants conspired to generate almost $1 million in illicit brokerage commissions for themselves by secretly opening accounts at Davis in the names of Inkombank and Hoverwood, and then using their money to engage in massive, entirely unauthorized, trading of Davis mutual shares on those accounts. To avoid detection, the Zeltser Defendants allegedly redeemed the Davis funds held in these two accounts and returned at least some of the proceeds. Although they allegedly converted some of the remaining proceeds to their own use, they allegedly neglected to redeem all of the mutual funds in the Inkombank and Hoverwood accounts at Davis. They left some Shares in each of these two accounts; said Shares are the subject of the Complaint in this matter.

On May 4, 1998, a Clerk's Entry of Default was entered, reflecting that Emanuel E. Zeltser, a/k/a/ Emanuel Seltzer, a/k/a Emanuel Seltzer, Anna Reidiboim, a/k/a Anna Reid, and Alexander Fishkin, had failed to plead or otherwise defend in this litigation (Docket No. 17).

On May 29, 1998 this joint motion to transfer was filed by Interpleader Plaintiff Davis and Interpleader Defendant Hoverwood (Docket No. 22). On June 3, 1998, Interpleader Defendant Zeltser filed a motion to vacate the default and to dismiss this action (Docket No. 24). A similar

---

[1] It appears from the record that service of process has not been made upon this defendant.

motion was filed on June 5, 1998 by Interpleader Defendants Fishkin & Reid[2], Alexander Fishkin and Anna Reid (Docket No. 27).  On July 15, 1998, Inkombank and Hoverwood filed a joint response to the joint motion to transfer (Docket No. 33).  While reserving their right to contest any representation of Hoverwood by the Sutin and Zuckerman lawfirms, Inkombank and Hoverwood, as represented by two other lawfirms, stated that they consented to the transfer of this action to the United States District Court for the Southern District of New York. Cross-claim Defendants Zeltser, Fishkin, Reid and Fishkin & Reid have appeared *pro se* and have withheld their approval as to the form of an agreed order transferring this action unless Inkombank agrees to vacate defaults previously entered against them.(See Fishkin letter to the Court, dated September 21, 1998)  Inkombank has declined to vacate the defaults.  No response to the joint motion to transfer from the Zeltser Defendants was filed with the Court.

**Legal Standards for Transfer**

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it night have been brought."  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' "  *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

In *Chrysler Credit Corp. v. Country Chrysler, Inc., et al.,* 928 F.2d 1509, 1516 (10th Cir.

---

[2]It is noteworthy that the Clerk's Entry of Default was not entered as to this defendant.

5

1991), the Tenth Circuit reiterated several factors[3] that a district court should consider in making this decision. These include the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof; the cost of making the necessary proof; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

**Analysis**

I note that the party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. Plaintiff's choice is also given considerable weight. *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). Even though the joint motion to transfer filed by Plaintiff Davis and Defendant Hoverwood is technically unopposed[4], unless the standards above are met, consent of parties alone would be insufficient to warrant such a transfer.

The first factor I must consider is whether or not the New York court would have jurisdiction over the defendants to the action, i.e., in the language of §1404(a), whether this would be a transfer of a case to a district "where it might have been brought." From the pleadings it appears that all defendants, except Inkombank and Hoverwood, reside in or conduct

---

[3]These factors were previously mentioned by the Tenth Circuit in *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

[4] As noted above, the Zeltser Defendants would agree to transfer this action only if Inkombank agrees to vacate the entry of default entered against them. (See Fishkin letter to the Court, dated September 21, 1998). Despite this representation, these defendants have failed to file a response in opposition to the joint motion to transfer. Under this Court's local rules, such a failure to respond to a motion constitutes consent to grant the motion. See D.N.M.LR-Civ. 7.5.

6

business in the state of New York. Inkombank and Hoverwood have consented to transfer this case to New York and accordingly appear to agree to subject themselves to the personal jurisdiction of that court. I assume that the New York Court has personal jurisdiction over these two parties in the two pending related law suits. Accordingly, it appears that the New York court would have personal jurisdiction over all defendants.

The next inquiry concerns the Plaintiff's choice of forum. The Plaintiff wants this case to be transferred.

The third factor concerns the accessibility of witnesses and other sources of proof, as well as the cost of making the necessary proof. This certainly weighs in favor of transferring the case to New York. It appears from the record that Inkombank, Hoverwood, and the Zeltser Defendants are currently parties to two actions currently pending in the Southern District of New York.[5] Mr. Zeltser has stated that the third-party defendants are actively participating in those actions. See, Memorandum on Behalf of Third Party Defendant Emanuel E. Zeltser in Support of Motion to Vacate Default, Dismiss Interpleader Complaint and Third Party and Cross Claims and for Counsel Fees and Costs, at 2. Davis states that it understands that control of the Hoverwood account is an issue in the New York litigation, and believes that the issue of ownership of the Funds in that account can be resolved there. Further, Davis anticipates being released from potential claims by Hoverwood, Pelaez, Narodecki and the Zeltser Defendants if this action is transferred. See, Memorandum Brief in Support of Joint Motion of Interpleader at 2. Obviously, this operates to the convenience of Davis, in that in such an event it would be unlikely that Davis

---

[5] These actions are *Zeltser v. Joint Stock Bank Inkombank, et al.*, 95 Civ. No. 0796 (KTD) and *Palaez v. Regal v. World Wide Holdings, et al.*, 95 Civ. No. 3410 (KTD).

would need to be an active participant in the New York litigation.

Further, as stated above, many of these parties who would be material witnesses, live in New York. Transfer of this action would serve the convenience of these witnesses.

Although this Court is without information as to the condition of the docket in the Southern District of New York, I note that the New Mexico District Court has one of the busiest civil dockets in the nation. Consequently the "congested civil docket" factor does not weigh in favor of keeping this case in this district. Furthermore, this Court is unaware of any relative advantages or obstacles to a fair trial in either forum.

I am uninformed as to any detrimental effect that would result to any party if New York rather than New Mexico law were applied in this case. These parties are already subject to New York law in the other cases that have been pending for at least three years in New York. This factor does not operate against the concept of transfer.

The Zeltser Defendants are understandably concerned about the default that has been entered against them. Given my decision to transfer this case, I am disinclined to take any substantive action whatsoever in this matter. Consequently, I conclude that this issue is more appropriately reserved for the judgment of the New York court and I will refrain from deciding this issue.

Given these factors, I conclude that the practical factors that make a trial easy, expeditious and economical weigh in favor of transferring this case to New York.

For the above-stated reasons, I conclude that the U.S. District Court for the District of New Mexico is an inconvenient forum and that the Joint Motion of Interpleader Plaintiff Davis and Interpleader Defendant Hoverwood Ltd. to Transfer Pursuant to 28 U.S.C. §§ 1404(a) and

1406 (Docket No. 22) shall be **granted**.

        **IT IS THEREFORE ORDERED** that:

    A.  The Joint Motion of Interpleader Plaintiff Davis and Interpleader Defendant Hoverwood Ltd. to Transfer Pursuant to 28 U.S.C. 1404(a) and 1406 (Docket No. 22) is hereby **granted**;

    B.  The Clerk of this Court is directed to transfer this action. All funds deposited with the Court in connection with this action shall be transferred by the Clerk of this Court to the United States District Court for the Southern District of New York.

    C.  The United States District Court for the Southern District of New York is advised that there are two actions pending in *Zeltser v. Joint Stock Bank Inkombank, et al.*, 95 Civ. No. 0796 and *Pelaez v. Regal v. World Wide Holdings et al.*, 95 Civ. No. 3410.

    **IT IS SO ORDERED.**

                                                                               **U. S. DISTRICT COURT JUDGE**